**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

DAVID WEATHERSPOON                                                            PLAINTIFF

vs.                                            CIVIL ACTION NO.:  4:13cv62-MPM-DAS

E.L. SPARKMAN, et al.                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

David Weatherspoon, Mississippi prisoner no. 39891, proceeding pro se and in forma pauperis,

filed a complaint pursuant to 42 U.S.C. § 1983 against Mississippi State Penitentiary ("MSP")

staff members Deputy Commissioner E.L. Sparkman, Warden George Davenport, and

Superintendent Earnest Lee.  Having liberally construed Plaintiff's claims and considered the

applicable law, the Court finds that the complaint should be dismissed, for the reasons that

follow.

**Plaintiff's Allegations**

Plaintiff states that on or about September 22, 2012,  an inmate escaped while on work

duty, and MSP was placed on lockdown as a result.  When the inmate was captured, Plaintiff

maintains, inmates with a conviction for homicide, murder, and/or a sex offense were prohibited

from working outside of a vaguely defined "secure perimeter."  (Compl. at 3).  Plaintiff filed a

grievance related to the restriction.  An administrative remedy program ("ARP") response form

from Defendant, Earnest Lee, attached to the instant complaint notes that Commissioner Epps

issued Executive Directive Number 55 stating that "[a]ny offender with a Homicide, Murder

1

and/or Sex Offense conviction is prohibited from working outside the secure perimeter."
(Compl. at 7, Ex. B).

Plaintiff argues that Deputy Commissioner E.L. Sparkman "red flagged" inmates with life
sentences and prohibited them from participating in the programs of their choice, even though
offenders without life sentences impose just as much of a security threat. Plaintiff, who is
serving a life sentence for homicide/murder, rape, and two counts of burglary, alleges that
Defendants' actions violate his right "to be protected from harm, due process[,] and access to
programs." (Compl. at 5).

### Screening Standards

Because Plaintiff has been permitted to proceed in forma pauperis in this action, his
complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA").
*See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to
preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is
obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to
state a claim upon which relief may be granted," or if it "seeks monetary relief against a
defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an
arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A
complaint fails to state a claim upon which relief may be granted if relief could not be granted to
the plaintiff "under any set of facts that could be proven consistent with the allegations" in the
complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also*
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a
claim only where it does not plead "enough facts to state a claim to relief that is plausible on its

2

face").

## Discussion

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983, which provides for a federal cause of action against persons acting under the color of state law who deprive an individual of his rights under the Constitution or laws of the United States. *See, e.g., Filarsky v. Delia*, ___ U.S. ___, 132 S. Ct. 1657, 1661 (2012). In this case, Plaintiff maintains that Defendants deprived him of his due process protections by prohibiting him from working in certain areas and preventing his access to programs of his choice.

The Due Process Clause protects inmates from being deprived of their liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to avail himself of his the protections of the Due Process Clause, Plaintiff must first establish the existence of a protected liberty interest, either from State law or from the Due Process Clause itself. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). In a prison context, such interests are "limited to freedom from restraint which. . . impose[] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

A prisoner's ineligibility for prison employment does not raise a constitutional claim, as there is no protected liberty interest in a prison job. *See Hewitt v. Helms*, 459 U.S. 460, 467 n.4 (1983) (holding inmate's transfer to another facility did not implicate liberty interest, even though transfer resulted in loss of access to vocational, educational, recreational, and rehabilitative programs); *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir. 1989); *Sylvester v. Cain*, 311 Fed.Appx. 733 (5th Cir. 2009); *Walker v. Buntello*, 149 Fed.Appx. 286 (5th Cir. 2005); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995); *Grayson v. Federal Prison Industries Factory*, 69

3

F.3d 536 (5th Cir. 1995); *Walker v. Gomez*, 3709 F.3d 969, 973 (9th Cir. 2004) ("[T]he Due

Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in

prison employment.'") (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)); and

*Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (finding no protected liberty interest in

prison employment).

To the extent that Plaintiff claims that the restriction on his prison employment

constitutes cruel and unusual punishment, he fails to state a claim upon which relief may be

granted. As Plaintiff has no constitutional right to prison employment, the denial of a job of his

choice cannot form the basis for a constitutional claim. *See Overton v. Bazzetta*, 539 U.S. 126,

136-37 (2003) (finding limited sanctions did not violate Eighth Amendment because they were

not "a dramatic departure from accepted standards for conditions of confinement" nor did they

deprive inmate of "basic necessities").

Finally, giving Plaintiff's complaint a liberal construction, Plaintiff may also be

attempting to raise a claim that his equal protection rights have been violated because inmates

serving sentences less than life are allowed to work in unsecured areas, while inmates serving life

sentences are not allowed the same opportunity. The Equal Protection Clause requires similarly

situated persons to be treated alike, and an equal protection claim may be established by showing

that the plaintiff was intentionally treated differently by virtue of his being in a protected class.

See, e.g., *City of Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985); *see also*

*Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Here, Plaintiff is not "similarly situated"

to the offenders allowed to work outside of the secure perimeter, as he is serving a life sentence

and they are not. The restriction placed upon Plaintiff has nothing to do with membership in a

protected class; it is based upon his custody level. Moreover, the Court is unwilling to presume that a penal institution's interest in security and institutional control does not allow it to place additional employment restrictions on the most serious and violent offenders. *See Sandin*, 515 U.S. at 482 (holding courts must "afford appropriate deference and flexibility to state officials trying to manage a volatile environment"). Therefore, Plaintiff has not sufficiently alleged that the directive in question is not rationally related to a legitimate State purpose. *See, e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging equal protection claim must show that he was intentionally treated differently than others similarly situated and there is no rational basis for the difference in treatment). The Court finds the instant complaint is frivolous and/or fails to state a claim upon which relief may be granted, and it will be dismissed.

### Conclusion

Plaintiff's allegations fail to raise a cognizable constitutional claim, and the instant complaint is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted and/or as frivolous. A final judgment in accordance with this opinion will issue today.

**SO ORDERED** this the 4th day of April, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**